UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHEAL FRELICH,
an individual,

    Plaintiff,

v.

    Case No.:

IQ DATA INTERNATIONAL, INC.,
a foreign for-profit company, and
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation,

    Defendants.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, MICHEAL FRELICH (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendants, IQ DATA INTERNATIONAL, INC. (hereinafter, "IQ"), and EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter, "Experian") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

### PRELIMINARY STATEMENT

1.    This is an action brought by an individual consumer for damages for IQ'S violations of the Fair Credit Reporting Act, 15 United States Code, Section 1681 *et seq.* (hereinafter, the "FCRA") wherein IQ improperly attempted to credit-report and subsequently verified its credit reporting of an alleged balance owed on Plaintiff's consumer credit report and in Plaintiff's consumer credit file as maintained by

1

Experian that was created or allegedly incurred as a result of identity theft and fraud. More specifically, despite Plaintiff repeatedly advising IQ that he did not personally open the alleged account, did not authorize the opening of the alleged account, did not use the alleged account, and did not benefit from the account in any way—and after Plaintiff disputed IQ's reporting of such erroneous information directly to Experian—IQ *continued* to report the fraudulent accounts with significant balances due and past-due.

2. Furthermore, this is an action for damages for Experian's violations of the FCRA wherein Experian continued to incorrectly report Plaintiff as the individual responsible for the alleged accounts after Plaintiff repeatedly disputed and advised that any balance allegedly owed was a result of identity theft and fraud.

3. Additionally, this is an action for damages brought by an individual consumer for IQ's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and Fair Debt Collection Practices Act, 15 United States Code, Section 1692 (the "FDCPA") wherein IQ attempted to collect a consumer debt directly from Plaintiff that Plaintiff did not owe.

4. Further, on multiple occasions, Plaintiff advised IQ that he did not owe this debt because it was not his and requested IQ to stop calling him; IQ continued to call Plaintiff and harass him via attempting to collect the debt even though IQ knew Plaintiff did not owe the debt.

**JURISDICTION, VENUE & PARTIES**

5. Jurisdiction of this Court arises under 28 United States Code, Section

2

1331, pursuant to the FCRA, 15 United States Code Section 1681, *et seq*.

6.     Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District.

7.     At all material times herein, Plaintiff is a natural person residing in Hillsborough County, Florida.

8.     At all material times herein, IQ DATA is a foreign for-profit corporation existing under the laws of the state of Washington with its principal place of business located at 21222 30th Drive SE #120, Bothwell Washington 98021.

9.     At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

## **FCRA STATUTORY STRUCTURE**

10.    Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

11.    Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

12. Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute. *Id.* at § i(a).

13. Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer. *Id.* at § i(a)(4).

14. Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation. *Id.* at § i(a)(5)

15. Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees. *Id.* at § n.

16. Under the FCRA, any person who is negligent in failing to comply with

any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees. *Id.* at § o.

## FCCPA AND FDCPA STATUTORY STRUCTURE

19. The FCCPA is a state consumer protection statute, modeled after the FDCPA, a statute designed to prohibit unfair, deceptive, and abusive practices in the collection of consumer debts as well as to protect against the invasion of individual privacy. 15 U.S.C. §§ 1692(a) and (e); Fla. Stat. §§ 559.55 and 559.77(5).

20. The FDCPA imposes civil liability on any debt collector—and the FCCPA imposes liability on any creditor/person as well as any debt collector—who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another" and both statutes prohibit engaging in particular violative conduct in connection with collecting consumer debts. 15 U.S.C. § 1692(a)(6); Fla. Stat. § 559.55(5).

21. Specifically, the FDCPA and FCCPA prohibit unlawful debt collection "communication" with consumer debtors, which is defined as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692(a)(2); Fla. Stat. § 559.55(2) (emphasis added).

22. For example, the FDCPA prohibits a debt collector from using false, deceptive, or misleading representations or means in connection with the collection of any consumer debt. See 15 U.S.C. §§ 1692(d)-(e).

23. Similarly, the FCCPA prohibits a person from attempting to collect a consumer debt that is known to be illegitimate. See Fla. Stat. §§ 559.72 (9).

24. The FCCPA prohibits a person from willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family. See Fla. Stat. §§ 559.72 (7).

## GENERAL ALLEGATIONS

22. At all material times herein, Plaintiff is an alleged "consumer" or "debtor" as defined by the FCRA, Section 1681a(c) and the FCCPA, Section 559.55(8) and the FDCPA, Section 1692a(3) because he is an individual and allegedly obligated to pay a debt.

23. At all material times herein, IQ, themselves and through their subsidiaries, regularly extends credit—and credit reports debts associated with the same—allegedly owed by consumers residing in Hillsborough County, Florida.

24. At all material times herein, IQ reports information concerning an alleged collection account that was opened as a result of identity theft and fraud, account IQD0CM (hereinafter, the "Accounts").

25. At all material times herein, IQ attempts to collect an alleged consumer debt, including but not limited to, a balance allegedly owed for a residential lease for a property in Texas (hereinafter, the "Alleged Debt").

26. At all material times herein, Plaintiff did not open the Account, Plaintiff

6

did not authorize any individual or entity to open the Account in his name, Plaintiff did not use the Account in any manner, and Plaintiff did not receive the benefit of any goods or services as a result of any transactions made using the Account.

30. At all material times herein, IQ uses interstate mail and the principal purpose of its business is to collect debt.

31. At all material times herein, IQ is a "person" who furnish information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

32. At all material times herein, IQ is a "person" subject to the FCCPA, Section 559.72. *See* Fla. Stat. § 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

33. At all material times herein, IQ's conduct, with regard to the Alleged Debt complained of below, qualifies as "communication" as defined by the FCCPA, Section 559.55(2) and the FDCPA, Section 1692a(2).

34. At all material times herein, IQ furnishes information to Experian regarding the Account and the corresponding Alleged Debt.

35. At all material times herein, IQ furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

36. At all material times herein, Experian is a "consumer reporting agency"

as defined in 15 United States Code, Section 1681a(f) of the FCRA and regularly engage in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports. Experian disburses such consumer reports to third parties under contract for monetary compensation.

37. At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

38. All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

39. During or about July 2025, Plaintiff received an alert that his credit score dropped significantly, so he obtained his credit reports.

40. At that time, Plaintiff learned that the IQ Account was reporting on his Experian and Trans Union credit reports, indicating a residential lease for a property in Texas.

41. To be clear, Plaintiff has never resided in Texas.

42. Likewise, Plaintiff has not co-signed any residential lease, and Plaintiff did not authorize anyone to apply for a residential lease in his name.

43. After Plaintiff learned of the collection account, Plaintiff filed an online dispute with Experian ("Plaintiff's First Dispute").

44. Experian conveyed Plaintiff's First Dispute to IQ.

45. In response, IQ and Experian both verified that the Account was Plaintiff's and he owed the debt.

46. As such, on August 15, 2025, Plaintiff executed a Federal Trade Commission ("FTC") Identity Theft Report.

47. Plaintiff sent a second dispute to Experian and in response, Experian deleted the Account.

48. Alternatively, Experian and IQ have mixed Plaintiff's credit file and report with another person's.

49. In support, Plaintiff's Experian file has multiple names included within it that are not his, such as: Michael Frelich and Steven Frelich.

50. Further, Plaintiff's Experian file has a Texas address that Plaintiff has never resided at.

## IQ'S DEBT COLLECTION COMMUNICATIONS

51. In or around July 2025, IQ began a campaign of collection calls in attempts to collect the alleged debt from Plaintiff.

52. On multiple occasions, Plaintiff answered IQ's telephone calls and advised IQ that this was not his debt and requested IQ to stop calling him.

53. IQ's conduct, as described above, is a knowing, willful, and continuing violation of Plaintiff's rights, as enumerated under Florida state and federal law.

54. Given IQ's conduct and its apparent intention and ability to continue to collect the Alleged Debt directly from Plaintiff in violation of said debt collection laws, Plaintiff has no adequate remedy at law.

55. Plaintiff needs and is entitled to injunctive relief with respect to IQ's debt collection communications in violation of the FCCPA.

56. IQ's conduct served no purpose other than to abuse and harass Plaintiff into paying the Alleged Debt, leading Plaintiff to believe that despite not owing the Alleged Debt personally, Plaintiff had no choice but to pay the Alleged Debt or continue to endure IQ's unlawful debt collection practices.

## DAMAGES

57. As a result of Defendants' reporting of the Alleged Debt, Plaintiff further dealt with the stress and anxiety of feeling hopeless, believing that he would be denied credit as a result of the erroneous and incorrect reporting of the Account reflecting the Alleged Debt asserted as owed by Plaintiff if he needed to obtain credit in the near future, and that Plaintiff would either be denied credit or pay higher interest rates in the event he could obtain financing.

58. As a result of Defendants' conduct, actions, and inactions, Plaintiff was deterred from making credit applications as he believed he would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Accounts with balances past-due, he did not wish to further damage his credit score with futile credit inquires, and he was continually evaluated for credit using consumer reports that reported the Accounts with late payment information resulting in the Accounts being reported as a derogatory, negative, or adverse accounts.

59. Overall, Plaintiff suffered damage to his reputation as a result of Defendants' conduct.

60. Further, as a result of Defendants' actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite Plaintiff's exhaustive efforts to convey to Defendants that he did not initiate or authorize the opening of the Account, Plaintiff must simply endure Defendants' reporting of the Accounts and IQ's ongoing abusive attempts to collect the Alleged Debt.

61. Plaintiff suffered physical injury as a result of Defendants' erroneous credit reporting and IQ's abusive collection attempts including but not limited to, headaches, loss of sleep, and nausea.

62. Plaintiff retained Swift, Isringhaus, Dubbeld & McEleney, PLLC for the purpose of pursuing this matter against Defendants, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

63. The FCRA, Sections 1681n or 1681o, or both, provide for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant.

64. The FCCPA provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, declaratory and injunctive relief, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against IQ. *See* Fla. Stat. § 559.77.

65. The FDCPA, Section 1692k provides for the award of up to $1,000.00 statutory damages, actual damages, and an award of attorneys' fees and costs to

11

Plaintiff, should Plaintiff prevail in this matter against IQ.

COUNT ONE
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)**
**(As to Experian Only)**

Plaintiff re-alleges paragraphs one (1) through sixty-five (65) as if fully restated herein and further states as follows:

66. Experian is subject to and violated the provisions of, 15 United States Code, Section 1681e(b), by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

67. Experian willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports.

68. More specifically, Experian generated and published credit reports regarding Plaintiff which included erroneous information that does not belong to Plaintiff.

69. More specifically, Experian reported the IQ Account on Plaintiff's credit file and report and mixed Plaintiff's file with another person's.

70. Such reporting is false and evidences Experian's failure to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit file.

71. Overall, Experian willfully and/or negligently failed to establish or

follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files.

72. Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

73. Experian's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance-or both-with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

**COUNT TWO:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i** *et seq.*
**(As to Experian Only)**

Plaintiff re-alleges paragraphs one (1) through sixty-five (65) as if fully restated herein and further states as follows:

74. Experian is subject to, and violated the provisions of, 15 United States Code, Section: 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiff's dispute to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiff's credit reports and credit files; 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiff's dispute, including all relevant attachments; and 1681i(a)(5) by failing to update or delete any information that was the subject of Plaintiff's dispute

found to be inaccurate or that could not be verified.

75. Experian willfully and/or negligently refused to properly re-investigate Plaintiff's consumer reports upon receiving Plaintiff's dispute, as described herein.

76. Experian's reinvestigations of Plaintiff's dispute was not conducted reasonably.

77. Experian's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiff as stated herein.

78. Experian's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiff to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT THREE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTIONS 559.72(7) and (9)**
**(As to IQ Only)**

Plaintiff re-alleges paragraphs one (1) through sixty-five (65) as if fully restated herein and further states as follows:

79. IQ is subject to, and violated the provisions of, Florida Statutes, Section 559.72(7) by communicating with Plaintiff in an attempt to collect an alleged consumer debt through means which can reasonably be expected to abuse or harass Plaintiff and violated Florida Statutes, Section 559.72(9) by communicating with

Plaintiff in an attempt to collect the Alleged Debt despite IQ possessing knowledge that the Alleged Debt is not legitimately owed by Plaintiff and by asserting the existence of a legal right that IQ knows does not exist.

80. Specifically, as stated herein, Plaintiff was not and is not personally liable for the Alleged Debt, because: (i) Plaintiff did not personally apply for the Account or open the Account; (ii) Plaintiff did not authorize any person to open the Account in Plaintiff's name or on Plaintiff's behalf; (iii) Plaintiff possessed no knowledge of the Account that was alleged opened until he received an alert on his credit reporting; and (iv) Plaintiff did not receive the benefit of any money, goods, or services from any charges or transactions made using the Account.

81. Further, Despite Plaintiff's exhaustive efforts advising that the Alleged Debt was the result of identity theft and fraud, IQ continued to communicate with Plaintiff in an attempt to collect the Alleged Debt.

82. IQ's conduct served no purpose other than to abuse and harass Plaintiff into paying the Alleged Debt, leading Plaintiff to believe that despite not opening the Account personally nor authorizing another individual to open the Accounts in his name or make charges to the same, Genesis could and would continue to attempt to collect the Alleged Debt from Plaintiff unless and until Plaintiff paid the Alleged Debt in full.

83. As a result of IQ's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite not owing the Alleged Debt personally, Plaintiff must simply endure IQ's ongoing and

invasive debt collection communications.

84. IQ's willful violation of, *inter alia*, the Florida Consumer Collection Practices Act as a means to collect the Alleged Debt constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Sections 559.72(7) and 559.72(9).

85. As a direct and proximate result of IQ's actions, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT FOUR:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1692e, e(2)(A), and**
**e(10)**
**(As to IQ Only)**

Plaintiff re-alleges paragraphs one (1) through sixty-five (65) as if fully restated herein and further states as follows:

86. IQ is subject to, and violated the provisions of, 15 United States Code, Section 1692e, e(2)(A), e(8), and e(10) by using false representations and deceptive means in attempting to collect the Alleged Debt, including by falsely representing the amount, legal status, or character of the Alleged Debt.

87. Specifically, IQ possessed actual knowledge that the accounts were opened as the result of identity theft and fraud, that Plaintiff did not open the account or authorize any other individual to open the accounts in his name and likewise did not receive the benefits if any goods or services forming the basis of the Alleged Debt and Plaintiff repeatedly advised IQ that he did not owe the Alleged Debt for such reasons.

88. Despite knowing that Plaintiff did not owe the Alleged Debt, IQ sent at least one (1) email to Plaintiff asserting a balance owed by Plaintiff with respect to the Alleged Debt in its attempts to collect the Alleged Debt.

89. Moreover, IQ falsely and deceptively asserted that they could and would continue to collect the Alleged Debt from Plaintiff unless and until Plaintiff paid the Alleged Debt.

90. IQ's above-referenced conduct attempts to deceive and mislead Plaintiff into believing that Plaintiff must immediately make payment to IQ on the Alleged Debt or continue to endure IQ's unlawful collection attempts.

91. As a direct and proximate result of IQ's actions, Plaintiff sustained damages as defined by 15 United States Code, Section 1692k.

## COUNT FIVE:
## FAIR CREDIT REPORTING ACT –
## <u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)</u>
### (As to IQ Only)

Plaintiff re-alleges paragraphs one (1) through sixty-five (65) as if fully restated herein and further states as follows:

92. IQ is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiff's credit reports, failing to fully and properly re-investigate Plaintiff's dispute, failing to review all relevant information regarding the same, and failing to request that Experian delete the Account from Plaintiff's credit report and credit file after re-investigating Plaintiff's dispute.

93. As described above, Plaintiff was not and is not personally liable for the Alleged Debt, because: (i) Plaintiff did not personally apply for the Account or open the Account; (ii) Plaintiff did not authorize any person to open the Account in Plaintiff's name or on Plaintiff's behalf; (iii) Plaintiff possessed no knowledge of the Account that were alleged opened until he received an alert on his credit reporting; and (iv) Plaintiff did not receive the benefit of any money, goods, or services from any charges or transactions made using the Account.

94. IQ's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiff to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests an entry of:

    a.    Judgment declaring that IQ violated the FCCPA;

    b.    Judgment enjoining IQ from engaging in further conduct in violation of the FCCPA;

    c.    Judgment against IQ for maximum statutory damages under the FCCPA;

    d.    Judgment against IQ for maximum statutory damages for violations of the FDCPA;

  e. Judgment against Defendants for maximum statutory damages for violations of the FCRA;

  a. Actual damages in an amount to be determined at trial;

  b. Compensatory damages in an amount to be determined at trial;

  c. Punitive damages in an amount to be determined at trial;

  d. An award of attorney's fees and costs; and

  e. Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendants and demands that Defendants and its affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

        Respectfully submitted,

        **SWIFT LAW PLLC**

        */s/ Jon P. Dubbeld*
        Jon P. Dubbeld, Esq., FBN 105869
        11300 4th Street N., Suite 260
        St. Petersburg, FL 33716
        Phone: (727) 300-1929
        Fax: (727) 255-5332
        jdubbeld@swift-law.com
        jmurphy@swift-law.com
        *Counsel for Plaintiff*